FILED
United States Court of Appeals
Tenth Circuit

**March 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GLENDA JOHNSON,

    Defendant - Appellant.

------------------------------

R. WAYNE KLEIN,

    Receiver - Appellee.

No. 21-4080
(D.C. No. 2:15-CV-00828-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Glenda Johnson appeals an order of the district court awarding attorney fees to

Receiver R. Wayne Klein after finding her in contempt of its receivership order.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

This is one of many appeals arising from a civil proceeding in which the United States alleged, and the district court ultimately found, that three companies— RaPower3, LLC; International Automated Systems, Inc.; and LTB1, LLC—and two individuals—Neldon Johnson and R. Gregory Shephard—operated a fraudulent solar energy tax scheme. The district court ordered the appointment of a receiver for the three entities, disgorgement of all gross receipts, and cessation of all business operations. We affirmed the court's findings of fraud, disgorgement order, and injunction in *United States v. RaPower-3, LLC*, 960 F.3d 1240, 1243–44 (10th Cir. 2020).

In its "Corrected Receivership Order,"[1] the court prohibited all persons receiving notice of it from taking any action that would interfere with the Receiver's duties. The order specifically prohibited creating or enforcing liens on receivership property. Despite being subject to the order, Ms. Johnson, the wife of Defendant Neldon Johnson, filed a "Notice of Lien" on receivership property in Millard County, Utah, and brought suit in state court against the buyer of the property after the court-approved sale of the property by the Receiver. Ms. Johnson later filed additional liens against receivership property in Utah and Texas.

The court ordered Ms. Johnson to release the liens and dismiss the lawsuit to enforce the lien. When she did not do so, the Receiver filed a "Notice of

---

[1] The court issued the first receivership order on October 31, 2018. It issued the Corrected Receivership Order one day later to revise some formatting errors.

Non-Compliance" with the district court. Ms. Johnson responded with a declaration asserting she lacked the authority to release the liens. The Receiver contested this assertion, and the district court entered an order requiring Ms. Johnson to submit specific information under oath to support her claim that she could not comply with the court's earlier order to release the liens. She submitted a second declaration, and the Receiver again contested her assertion that she did not have authority to release the liens.

The court entered an order invalidating the liens and ordering the Receiver to investigate the creation of the liens and interference with his work. The Receiver did so and then sought an order requiring Ms. Johnson to show cause why the court should not hold her in contempt. On April 14, 2021, the court entered an order finding Ms. Johnson in contempt of court and holding her liable for the resulting costs and attorney fees the Receiver incurred. The Receiver submitted a motion for attorney fees and costs on May 28, 2021. Ms. Johnson did not file a response to this motion. On June 22, 2021, the court ordered Ms. Johnson to pay the Receiver for $53,518.34. Ms. Johnson appeals this order.

## DISCUSSION

Because Ms. Johnson is pro se, we construe her arguments liberally, but we "cannot take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the

3

district court's application of the legal principles underlying that decision." *John Zink Co. v. Zink*, 241 F.3d 1256, 1261 (10th Cir. 2001) (internal quotation marks omitted).

In her opening brief, Ms. Johnson presents 22 separate issues for review. However, in none of them does she in any way suggest the district court abused its discretion in its attorney fee award. Even if it were possible to construe portions of Ms. Johnson's opening brief as challenging the attorney fees order, she waived appellate consideration of any such arguments by not objecting below. *See Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1266 n. 3 (10th Cir. 2020) ("Generally, this court does not consider arguments raised for the first time on appeal.").

Ms. Johnson filed her notice of appeal on July 1, 2019. In it, she designated only the attorney fees order, and not the underlying contempt order, as the order being appealed. "Federal Rule of Appellate Procedure 3(c)(1)(B) requires a notice of appeal to designate the judgment, order, or part thereof being appealed, and those designations circumscribe the scope of our appellate review." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.8 (10th Cir. 2017) (citation and internal quotation marks omitted). And because the district court issued the underlying contempt order on April 14, 2021, the notice of appeal Ms. Johnson filed on July 1, 2021 is untimely to permit review of that order. *See* Fed. R. App. P. 4(a)(1)(B)(i) (setting a 60-day deadline to file a notice of appeal when the United States is a party).

4

## CONCLUSION

Lacking any basis to disturb the district court's attorney fee award, we affirm

the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge